Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

District of

Division



SOUTHERN DISTRICT OF MISSISSIPPI

**FILED**

AUG 13 2020

ARTHUR JOHNSTON

BY _____ DEPUTY

Case No.   5:20-CV-167-KS-MTP
*(to be filled in by the Clerk's Office)*

Chaz Pinkston

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

—"See Attached"—

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Chaz Pinkston |
| All other names by which you have been known: | |
| ID Number | #148934 |
| Current Institution | Wilkinson County Correctional Facility |
| Address | P.O. Box 1889, 2999 U.S. HWY 61 North |
| | Woodville        MS        39669 |
| | City        State        Zip Code |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | Tate Reeves |
| Job or Title (if known) | Governor |
| Shield Number | |
| Employer | State Of Mississippi |
| Address | |
| | Jackson        MS |
| | City        State        Zip Code |

☑ Individual capacity   ☐ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | Tommy Taylor |
| Job or Title (if known) | Commissioner |
| Shield Number | |
| Employer | State of Mississippi |
| Address | 301 N. Lamar St. |
| | Jackson        MS        39201 |
| | City        State        Zip Code |

☑ Individual capacity   ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name     *Pamela Robinson*

Job or Title *(if known)*     *Director Offender Services*

Shield Number

Employer     *Mississippi Department Of Corrections*

Address     *301 N. Lamar St.*

*Jackson*     *MS*     *39201*

     City          State        Zip Code

☑ Individual capacity     ☑ Official capacity

Defendant No. 4

Name     *Tarita Bivens*

Job or Title *(if known)*     *Associate Director Offender Services*

Shield Number

Employer     *Mississippi Department Of Corrections S.M.C.I.*

Address

*Leakesville*     *MS*     *39451*

     City          State        Zip Code

☑ Individual capacity     ☑ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

*First Amendment, Fourth Amendment, Eigth Amendment, & Fourteenth Amendment*

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Defendant No. 5

Name: Michelle Higginbbotham
Job or Title: Sgt. Investigator
Shield Number: N/A
Employer: Management & Training Corporation
Address: 2999 U.S. HWY 61 North, P.O. Box 1889
Woodville, MS 39669

Defendant No. 6

Name: S. Pendleton
Job or Title: Disciplinary Hearing Officer
Shield Number: N/A
Employer: Management & Training Corporation
Address: 2999 U.S. HWY 61 North, P.O. Box 1889
Woodville, MS 39669

Defendant No. 7

Name: Penny Terrell
Job or Title: Case Manager
Shield Number: N/A
Employer: Management & Training Corporation
Address: 2999 U.S. HWY 61 North, P.O. Box 1889
Woodville, MS 39669

Defendant No. 8

Name: Premier Supply Link, LLC
Job or Title: Commissary & Inmate Banking Contractor
Shield Number: N/A
Employer: Mississippi Department Of Corrections
Address: 2552 MS-468
Pearl, MS 39208

## Defendant No. 9

Name:              Ms. Point
Job or Title:      Facility Commissary Supervisor/Account Banking
Shield Number:     N/A
Employeer:         Premier Supply LinK, LLC
Address:           2999 U.S. HWY 61 North
                   Woodville, MS 39669

## Defendant No. 10

Name:              George Castro
Job or Title:      Deputy Warden of Programs
Shield Number:     N/A
Employer:          Management & Training Corporation
Address:           2999 U.S. HWY 61 North
                   Woodville, MS 39669

## Defendant No. 11

Name:              Larry Lee
Job or Title:      M.D.O.C. Contract Monitor
Shield Number:     N/A
Employer:          Mississippi Department Of Corrections
Address:           2999 U.S. HWY 61 North
                   Woodville, MS 39669

## Defendant No. 12

Name:              Robert Marquardt
Job or Title:      Founder and President of M.T.C.
Shield Number:     N/A
Employer:          Management & Training Corporation
Address:           500 North Market Place Dr, #100
                   Centerville, Utah 84104

## Defendant No. 13

Name:              Management & Training Corporation
Job or Title:      Private Corporation and Prison Contractor
Shield Number:     N/A
Employer:          Mississippi Department Of Corrections
Address:           500 North Market Place Dr, #100, Centerville, Utah 84104

## Defendant No. 14

Name:                  Robyn Williams
Job or Title:          Vice President of Region 1
Shield Number:         N/A
Employeer:             Management & Training Corporation
Address:               500 North Market Place Dr, #100
                       Centerville, Utah 84104

## Defendant No. 15

Name:                  Jody Bradley
Job or Title:          Warden
Shield Number:         N/A
Employeer:             Management & Training Corporation
Address:               2999 U.S. HWY 61 North
                       Woodville, MS 39669

## Defendant No. 16

Name:                  Gabriel Walker
Job or Title:          Deputy Warden of Operations
Shield Number:         N/A
Employeer:             Management & Training Corporation
Address:               2999 U.S. HWY 61 North
                       Woodville, MS 39669

## Defendant No. 17

Name:                  Terry Daniels
Job or Title:          Major
Shield Number:         N/A
Employeer:             Management & Training Corporation
Address:               2999 U.S. HWY 61 North
                       Woodville, MS 39669

## Defendant No. 18

Name:                  Tonya Toomey
Job or Title:          Deputy Warden of Programs

Page 3 of 4

Shield Number:    N/A
Employeer:    Angola Louisiana State Penitentary
Address:

## Defendant No. 19

Name:    Justin Green
Job or Title:    Captain
Shield Number:    N/A
Employeer:    Management & Training Corporation
Address:    2999 U.S. HWY 61 North
Woodville, MS 39669

## Defendant No.20

Name:    Delando Miles
Job or Title:    Lieutenant Investigator / Patrolman
Shield Number:    N/A
Employeer:    Woodville Police Department
Address:

## Defendant No. 21

Name:    Karen Brown
Job or Title:    Captain
Shield Number:
Employeer:    Management & Training Corporation
Address:    2999 U.S. HWY 61 North
Woodville, MS 39669

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

N/A

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

First, Governor - Tate Reeves and Commissioner - Tommy Taylor; - See Attached -

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

☑    Convicted and sentenced state prisoner

☐    Convicted and sentenced federal prisoner

☐    Other *(explain)*

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A I have been incarcerated throughout.

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

Wilkinson County Correctional Facility in Hotel - pod between October 2017 too August 2020.

Added Fact #4 of Above under Section 1983, explain how each defendant acted under color of state or local law.

continued: make, implement, and enforce plus at least annually review policies enacted/created. These policies strictly govern contractor's and state employees of M.D.O.C.

Second, Pamela Robinson, Tarita Bivens, Michelle Jackson, and Penny Terrell these used their positions as being casemanagers to assert bias and discrimination through unequal treatment by their informal custom(s) and policies. With Penny Terrell even filing a false disciplinary report in retaliation for my multiple grievances against her and the above high-ranking casemanagers.

Third, Michelle Higginbotham is using her position as the Sgt. investigator plus the Warden's secretary to retaliate against me for my suing the private contractor("M.T.C.") Management + Training Corporation that employs her; by harassment of my mailing's, deactivating my family numbers· my phone pin· legal counselor's numbers prior to any disciplinary hearing results and for duration, constantly writing false disciplinary reports which are falsified due to her manipulation of the Mississippi Department Of Corrections ("M.D.O.C.") written formal policies and creating illegal/unlawful informal customs and practices, interference with court access, listening to private legal communications, retaliation for using the court system, legal communication and privacy, and retaliation for speech.

Fourth, S. Pendleton is acting under color of state law as the disciplinary hearing officer here while she is enforcing("M.T.C.") and her own informal and unlawful customs, policies, and practices. By all illegal means. Also, including Gabriel Walker.

Fifth, Ms. Pointe and Premier Supply Link, LLC are using their positions and contractual agreement with ("M.D.O.C.") to steal my money, subject me to unequal treatment by denying me of the same privileges given to numerous prisoners throughout the state of Mississippi including those in "maximum-security" long-term segregation, and intentionally refusing continously to train and supervise their own staff plus place them on-site to honor the contractual agreement with ("M.D.O.C.") which has established a consistent pattern over 2 years of supporting·aiding ·abetting· allowing· encouraging my constitutional rights·privileges·guarantees· immunities to be heavily infringed upon and violated.

Sixth, Larry Lee as the M.D.O.C. Contract Monitor (on-site) and George Castro as the Deputy Warden of Programs are using their positions as high-ranking administrators to be deliberately indifferent by refusing to give me shoes, boots, a thermal set, and a chair·desk·table·lockerbox with my being housed

Page 1 of 2

Addendum To Pg. 4 of D. The provision of 42 U.S.C. under sect. 1983, explain how each defendant acted under color of state or local law.

continued: in long-term segregation "maximum security" for well-over 2½ years and still counting. Despite, the considerable pain and efforts I must endure without such all within their knowledge plus (per) their direct orders regarding me.

Seventh, Management & Training Corporation, Robert Marquardt the founder and president, Robyn Williams the vice president of this region, Jody Bradley the warden, Gabriel Walker the deputy warden of operations/security, Tonya Toomey the deputy warden of programs; all used their positions to not only negotiate a horrible deal for food services with private contractor Trinity which is completely unfit for an adult prison but they also openly allow·enforce·support serving me starvation rationing's for now going on over 2½ years and still counting as well as the regular overwhelming serving of spoiled·rotten·old·molded·freezer-burned food and spoiled milk's. In addition, Terry Daniels the major, Captain Green, Captain Delando Miles, and currently Captain Karen Brown (all captain's of long-term segregation "maximum security" with Justin Green and Karen Brown both also being Unit Manager's at certain times) all refused to make any reports of these unfit and inhumane food servings and foul smells in these trays while instructing subordinate staff not to do so either especially when I requested such. These administrator's implemented and enforce using food as a torture tactic with the others not filing any reports when shown.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.      What date and approximate time did the events giving rise to your claim(s) occur?

_Since I have been in "maximum security" long-term segregation at W.C.C.F_
— See Attached —

D.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what?*
*Was anyone else involved? Who else saw what happened?)*

— See Attached —          See 1)

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical
treatment, if any, you required and did or did not receive.

— See Attached —

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.
If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for
the acts alleged. Explain the basis for these claims.

I'm requesting punitive, comepensatory, and presumed damages in the amount of
— See Attached —

Addendum To Page 5 of C. Date(s) And Approximate Times Of Events Giving Rise To Plaintiff's Claims

Continued: these claims have been since 2018 to the present date of August 2020, though the claims against Pamela Robinson and Tarita Bivens and Michelle Jackson are from October 2017 too July 2019 and continue.

The claims against Penny Terrell extend from November 2018 too January 2020.

The claims against S. Pendleton are from July of 2019 too January 29th, 2020.

The claims against Tate Reeves and Tommy Taylor are from January 2020 to the present and continuing.

The claims against Ms. Pointe and Premier Supply Link, LLC are from January 2018 too July 2020.

The claims against Michelle Higginbbotham are from July 2019 too August 2020 and still continuing.

The claims against Larry Lee and George Castro are from January 2019 too August 2020 and still continuing.

The claims against Management & Training Corporation, Robert Marquardt, Robyn Williams, Jody Bradley, Gabriel Walker, Tonya Toomey, Terry Daniels, Justin Green, and Delando Miles are from 2018 to the present and continuing. Also, Karen Brown.

your claim(s). (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)

continued: Governor-Tate Reeves and Commissioner-Tommy Taylor have a disciplinary procedures policy which is strictly enforced against me as a prisoner. However, they openly allow corrections staff plus contractor's and etc.... to do as they want without challenge or repercussions when it comes to any/all "established time frames and procedural requirements listed in the standard operating procedure". They allow·advocate·encourage· support·aid in violating my due process rights when it comes to a unbias hearing officer, fair trial, calling of witnesses, investigation, adequate notice of charges and hearing, time limits and the written exceptions, appeals, all other written formal practices, especially when it comes to equal protection of the law·plus etc... They are not training nor supervising staff and contractor's to be held strictly responsible to this policy (just prisoners only) while letting their staff not only violate "all" my due process rights and contractor's but also subject me too cruel and unusual punishments at will for extensively lengthy periods of time. The systemic oppression and racism is so prevalent that they are emboldened to put in the Disciplinary Procedures Policy under sub-heading Rights of the Accused: Established time frames and procedural requirements listed in this standard operating procedure are advisory guideline s and do not constitute a due process right to the offender. The Agency's failure to abide by the time frames and procedural requirements will not be a basis for dismissal of the RVR.

This is proof they acknowledge violating my constitutional rights due to their bias·prejudice customs/procedures of Agency and it's subordinates are always right and no matter what am always wrong as a prisoner and always guilty of every RVR they file against me.

2) S. Pendleton is the warden appointed disciplinary hearing officer who regularly subjects me too cruel and unusual punishments by her punishments via disciplinary hearings. She is completely bias and partial in her handling of all my hearings and her decisions and upon my appeals. She never calls my witnesses, she never goes over the policies which openly show and explain the charge is wrong·doesn't exist·is improperly applied· makes no sense, she regularly withholds the copy of the hearing paper need-ed to file an appeal, she "only" always finds me guilty due to staff statement she has held hearings without my knowledge before·during·afterwards, she has never given me notice of any hearing(s), she regularly turns the tape recorded off du-ring the hearings I have attended to keep certain evidence and violations I mention off the recording plus certain statements she makes, she regularly already has the disciplinary decision filled out before the hearing even starts with

Page 1 of 5

your claim(s)? (for example: What happened to you? Who
did what? Was anyone else involved? Who else saw what happened?)

continued: the finding of guilty, punishment she has decided, due to staff sta-
tement as the reason, and majority of the investigations plus the days between
the written RVR and hearing are way way past the written time limits. The
contractor Management & Training Corporation is under contract with M.D.O.C.
to obey the Agency's policies yet S. Pendleton and Gabriel Walker do as they want
to. S. Pendleton has openly admitted: "The Warden said 'there are "no" staff
errors nor violations before, during, after any disciplinary hearings and all
appeals are voided to reaffirm this plus there is no such thing as falsified
write-ups against prisoner's especially those like me whom are frequent
grievance and litigation filer's'. I have filed many grievances against them both,
this has been going on for over a year. This violates me as a third-party benefactor of the contract.

3) George Castro and Larry Lee refuse to give me shoes and/or bo-
ots regardless of my sending them many informal letters, request forms, my
family called multiple times, and medical problems I have complained about which
are the direct result of such. I have tried to reason with them that if staff
and they themselves wear extra supportive shoes and they are here for a few
hours a week, than it is practical and reasonably humane that I being here
24 hours a day for years sleeping on steel and concrete plus walking on this concr-
ete plus excercising and standing on it for hours. I have continually asked for a
thermal top and bottom which "also are" on the standard clothing issuing every
six months yet these two defendant's continue to deny me equal protection rights
as are given to general population. The contract with M.D.O.C. mandates/dic-
tates compliance with their policies but Larry Lee is not training nor supervi-
sing them for over a year. There are no cell furnishings in these maximum security
long-term segregation cells which I have been housed in for over 2½ years and
counting. I have even got a medical pass for a chair because of my distor-
ted positions sitting on this rack trying to write all of my letters, legal filings,
request forms, and etc.... I sent copies of these medical passes to all their
direct subordinates and them via mail yet their staff repeatedly told me "no"
and that they both said "no" all regularly within an eigth month period
though neither of them ever responded back to me on paper. This violates me
as a third party beneficiary of the contract.

4) Premier Supply Link, LLC is the sole contractor approved and author-
ized by the Mississippi Department Of Corrections to have access to my banking
services, commissary orders and purchases, commissary history, and have it's em-
ployees handle my commissary. They have employees stationed at other prisons
who are impartial and unbias plus are trained and supervised in accordance
with their mission, policies, and contractual agreement with M.D.O.C. (of which I
am a third-party beneficiary) yet here they are not only allowing a non-employee

Page 2 of 5

Addendum To page 5 of D. What are the factors underlying your
claims? (For example: What happened to you? Who did what? Was
anyone else involved? Who else saw what happened?)

continued: to do all the aforementioned contracted things but are allowing
the bias/partial employee named Pointe, to do so openly as if its legal. She
has been stealing by adding in some type of fee at the end of my purchases,
canceling my orders with Premier manager Jeremy assistance-approval, holding
my commissary purchases for days or weeks and even sending it back without
my knowledge nor consent, limiting my orders and purchases to what she deems
I can have, and subjecting me to restrictions of her choosing as well as her
fellow co-workers and administrators due to my constant grievances plus litig-
ation against their abuses, harassment, mistreatment, and systemic racism and opp-
ression. She regularly retaliates against me through my canteen orders with
the Premier contractors approval though it is within their contractual agreem-
ent with M.D.O.C. that "they do not do any restrictions and to simply satisfy
orders from the approved M.D.O.C. commissary list for the minimum order
limit of $100.00 without/before taxes." Premier Supply Link, LLC has no formally
made or known agreement with this private prison contractor to render comm-
issary service nor to give its access to another private vendor because such wo-
uld be a breach of the contract with M.D.O.C. and render it void. Premier is
intentionally allowing and supporting deliberate indifference towards me. Upon
finding out this litigation was imminent they finally revealed in the final grievance
their closely guarded secret that Pointe is "not" their employee but is instead
M.T.C. Me, my family, and my witnesses families have been calling, writing, and
my family even went to Premier office personally complaining about what Pointe
is doing and allowed to do but to zero avail. They always refer me and them to
Pointe. This has been going on consistently from 2018 to the present 2020 without
letup.

5) Michelle Higginbbotham as of July 2019 after my court omnibus
hearing against over 19 of M.T.C. staff members plus 17 other defendants
here, began her targeted retaliation against me for such litigation. She repe-
atedly opened up my outgoing legal mailing to the Northern District Court
refusing to mail it out because she was reading it and was trying to prevent
me from sending it out before the deadline date of 14 days. She sent the same
motion mail back to me opened three times in one week. Upon me telling the
warden on her plus my family calling she than wrote me a falsified rule
violation report upon me sending a letter to my family with another letter in-
side. Than upon the Southern District Court ordering my responses to summary
judgment in January of 2020 she turned off my phone pin number/deactivated it
plus deactivated/blocked all my family numbers and legal counselors numbers
of the Southern Poverty Law Center plus wrote me up for false charges while

Page 3 of 5

Attach to: ¶ 5 of D. What are the facts underlying your
claim(s)? (for example: What happened to you? Who did what?
Was anyone else involved? Who else saw what happened?)

continued: admitting she has been listening too numerous of my legal phone
calls with the S.P.L.C. counselor's and their teams. She continues to make
up rule violations which the M.D.O.C. policies she write as reference all
actually don't say and/or provide loopholes that are in place. On August
3rd, 2020 she continued this retaliation due to me contacting my family
about facility management attempts to set me up so she wrote me two
more falsified rule violation reports which also (as before like the others)
don't violate M.D.O.C. policies and openly show retaliation purposes for
all of the grievances filed against her, request forms, letters, and her co-wor-
kers plus reminders of this litigation. She has shown to violate the contract-
val agreement with M.D.O.C. (of which I am a third-party beneficiary)
by intentionally disregarding them to apply her own illegal informal policies.
customs. practices.procedures despite violating my constitutional rights.
privileges.guarantees.immunities. She cut off all my legal and family ph-
one connections before/without my even attending the bias disciplinary
hearing on January 29th, 2020. Plus even after serving the unlawful 'wan't-
on infliction of pain' sentence she is still keeping my family numbers and
legal counselor's numbers blocked with my pin number deactivated. She
doesn't respect the legal confidentiality privileges in place no matter if
it's to the court's and/or legal counselor's and/or government officials. My
family having the full panalopy of their constitutional rights is not under M.D.O.C. when I call or write
them.   6) Pamela Robinson, Michelle Jackson, and Jarita Bivens continue to sub-
ject me too unequal treatment by continuing to deny my custody upgrade thou-
gh I have met all the formally written criteria's governing such and their
own policies dictate that, 'My points dictate my custody level', but not my
address. They are the classification board committee who continue to deny
me a custody upgrade because I can't meet their personal unethical
criteria's which are informal because they change at their every whim.
This is systemic oppression and discrimination because I can't and
haven't bowed down to them. Penny Terrell is also liable due to her
repeatedly making such intentionally wrong classification recommendat-
ions when am supposed to receive an upgrade for good institutional beha-
vior yet she and them didn't hesitate to affirm this more restrictive
custody upon my being given a false rule violation later on in 2019. Also,
in retaliation for my constant grievances in 2019 Penny Terrell
wrote me a falsified rule violation once she found out through my conver-
sation through other staff that I will being suing her. I was only to ser-
ve one year on long-term segregation program than after/upon 12 full months
of receiving zero rule violation reports I was supposed to be given a certificate of

Page 4 of 5

Addendum To Page 5 of D. What are the facts underlying your claim(s)?
(for example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)

continued: completion and if my points were 10 to 5 than I was too be given medium custody irregardless of my being housed in "maximum security." See "maximum security" is the address with long-term segregation being the designated work plan to complete yet my custody being my current record of compliance which allows me more access to service programs, privileges, freedoms no matter the address. My custody was supposed to be upgraded from closed custody to medium custody after 12 months of being R.V.R. free. They know custody is status so once I was to be released from the custody/status of long-term program than due to my points I was to be given medium custody yet they want me too remain closed custody so they didn't acknowledge my completing the program, didn't give me a certificate of completion, recommended I remain closed custody, and even had a board review (after my multiple letters to them three directly and the Commissioner about this) which all of them are on, plus are in the majority plus who's names are over classification for this facility and region plus whom had already agreed upon such discrimination even when me and my family called them prior. I haven't requested to be moved out of "maximum security" only to receive the custody I equally deserve and the criteria's I have met and exceeded per formal policies.

7) Management & Training Corporation, Robert Marquardt, Robyn Williams, Jody Bradley, Gabriel Walker, Tonya Toomey, Terry Daniels, Justin Green, Delando Miles, and Karen Brown all are in contract with the private food vendor here named Trinity. They see the starvation portions/rationings served daily (overall) plus I constantly send my tray's back to them and the kitchen upon receiving the tray's and opening/inspecting my tray in front of them and/or their subordinate staff. They negotiated food terms that aren't humane/fit for any human(s) plus are not only disgusting but are regularly spoiled, old, freezer-burned, molded, rotten. The State of Mississippi pays $15.00 (per prisoner) daily for food which here M.T.C. authorizes Trinity to sell $4.00 staff tray's paid for from the budget for prisoners, however, am served food as if I was in a P.O.W. camp as aforementioned plus additional things to be explained at my spears/omnibus hearing.

continued: I have sustained and continue to endure seriously-severe aches and pains for months now and still continuing. My back, joints, kneck, and nerves never stop hurting and twitching and popping/snapping/cracking. Plus my brain is throbbing day and night in excrutiating non-stop while it hurts to walk with my feet, knees, and legs steadily cramping and spasming. My feet have developed callouses and warts which I am having to fight to get to medical twice a week to have cut out. I am awaiting to go to the hospital for an M.R.I. and CT-Scan too see what all damage is done plus the doctor has ordered insoles yet orthotics are being talked about though new shoes and/or boots are required still along with a thermal set to protect my bones/joints/body from the extreme cold in this/these cells. The doctor gave medical passes for me to have a chair explaining to George Castro and Larry Lee the urgency of the matter yet they continue to disregard and ignore even the physician's orders also. Including mental and emotional injuries also.

Due to the unfit food being served, starvation rations being served, and disgusting plus unfit/inhumane/discolorated staff demand is drunken from the toilet/sink. I have constantly lost weight, had severe diarrhea for months at a time as well as consistent vomitting for months at a time throughout the 2 1/2 years here and still counting. Including mental and emotional injuries also.

continued: $5,000,000.00 to be paid in full, expungement of disciplinary convictions, and injunctions for all claims.

These are the only way to severly hinder and/or stop the systemic oppression, maltreatment, and abuses of civil·legal·ethical·moral·applicable constitutional rights·privileges·guarantees·immunities I still have as a citizen of this State and Country.

These reliefs in full will also force these caretaker's and staff to obey and honor their sworn oath's plus contractual agreements to obey·learn·listen to them along with the formal policies and laws in place; while urging these defendant's to utilize morals, reasonableness, unbias judgment, justice, and patience with self-control.

These are torture tactics/schemes these defendants encourage to delay and ultimately deny any justice to stop them from being tormentor's.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Wilkinson County Correctional Facility

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

First Amendment, Fourth Amendment, Eighth Amendment, & Fourteenth Amendment

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

Wilkinson County Correctional Facility

2.    What did you claim in your grievance?

I claimed multiple violations in multiple grievances in detail.

3.    What was the result, if any?

All grievances were completely exhausted by two-step process and by other one reply answers from administrators.

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I filed additional grievances and/or letters. Yes, all my grievances processes are completed.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

N/A  All grievance(s) filed

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A  I filed grievances, wrote letters, my family called, and left voicemail's a many.

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

— See Attached —

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

Addendum I Page 8 of C.

See Following

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

WCCF-19-*145*

SECOND-STEP-RESPONSE-FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #: *Chaz Pinkston #148934*
Location: Wilkinson County Correctional Facility

From: *P. Robinson*
Title: *Director of Offender Services*

*You are currently on Long Team Segregation Status. Offenders on LTS are Not eligible for Medium Custody. Once released from LTS, You will be placed in a step-down Close Custody (Close/GP) status. If You continue to abide by the rules and regulations, You will be eligible to be considered for medium custody. End of response*

Signature: _____     Date: *6/13/19*

The above named inmate has fulfilled the requirements of the Administrative Remedy Program at WCCF under extraordinary circumstances and is eligible to seek judicial review in state or federal court within 30 days of receipt of the Second Step Response. Financial responsibility for such filing rests with the inmate.

Inmate's Signature: *C. Pinkston*     DOC #: *148934*     Date: *6-20-2019*

CODE: 699

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

ARP-1

### WCCF-20-589

First Step Respondent: *N/A*
　　　　　　Location: **Wilkinson County Correctional Facility**

REJECTED

Offenders' Name and No.: **Chaz Pinkston #148934**
　　　　　　Unit: **Wilkinson County Correctional Facility**

Date of incident: **7.1.2020**　　　　　　OT#77

---

☐ **ACCEPTED:** This request comes to you from the Legal Claims Adjudicator.  See the attached request from the offender.  **Please return your response to this office within 30 days of this date.**

☒ **REJECTED:** Your request has been rejected for the following reason(s):

☐ Relief is beyond the power of the Mississippi Department of Corrections to grant

☐ The complaint concerns an action not yet taken or a decision which has not yet been made

☐ There has been a time lapse of more the fifteen (15) days between the **RVR(s)** and the initial request:

　　　　Incident happened on 　　　received in this office on

☐ There has been a time lapse of more the fifteen (30) days between the event and the initial request:

　　　　Incident happened on 　　　　　received in this office on

☐ The Mississippi Department of Corrections does not handle Parole Board matters

☒ Other: 　**Beyond the power of the ARP to grant**

_R. Pennington_ 　　　　　　　　　　　　　　　_7/28/20_
Director of Administrative Remedy Program 　　　　　　Date

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-20-443

### SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #:   **Chaz Pinkston #148934**
      Location:   **WCCF**

      From:   **Premiere**
      Title:   **M. Carter**

Mr. Pinkston, We are in receipt of your ARP regarding your Commissary Restrictions. In various attempts, Premier has reached out and explained your situation to you, family members and case manager. Wilkinson CCF (MTC trains) is its own private facility and Ms. Pointe the commissary manager is employed by MTC not employed by Premier. Premier does not place restrictions on any offenders. Each facility dictates/manages their own restrictions. Premier is a service company; we satisfy the orders placed by the offenders and delivers them to the facility. Please reach out to your institutions Case Manager for further questions.    Thank You

_Valisa_ _____
      Signature

**7/20/2020**
    Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program and is eligible to seek judicial review within 30 days of receipt of the Second Step Response.

_Chaz Pinkston_     _148934_
Inmate's Signature       DOC #

_July 29th 2020_
    Date

INMATE RECEIPT

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

ARP # _WCCF_ - _18_ - _631_

Date: _12-31-18_

Received By: _C. Pinkston_ _248854_
                                                    MDOC #

Witness: _S. Row_ _ARP_
                                                    TITLE

_____ Form ARP-1 — Offender's relief form

_____ Form ARP-2 — 1st step response

___✓___ Form ARP-3 — 2nd step response _/certificate_

_____ 5-Day extension

_____ Step 2 denial

_____ Rejected

_____ Letter #

_____ Other

**1st page of this receipt is to be returned to the Administrative Remedy Program Director to become part of inmate's ARP file**

YELLOW COPY - INMATE

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-18-631
## SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #: **Chaz Pinkston #148934**
         Location: **Wilkinson County Correctional Facility**

         From: **J. Bradley**
         Title: Warden

---

In response to your ARP claim. In reference to you requesting to be given what is specifically detailed in MDOC food service policies. Your claim has been investigated. The information gathered reveal it was explained to you in your 1st step response that the approved menu were written by TSG and MTC to be served to the offenders. Also you have not provided any evidence to substantiate your claim of the allegations you made in your complaint. I consider this matter resolved at this level.

_____          12-28-18
Signature                                 Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program at WCCF under extraordinary circumstances and is eligible to seek judicial review in state or federal court within 30 days of receipt of the Second Step Response. Financial responsibility for such filing rests with the inmate.

C. Pinkston                148934          12-31st, 2018
Inmate's Signature         DOC #                    Date

INMATE RECEIPT

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

ARP # _WCCF_ - _20_ - _203_

Date: _03.05.20_

Received By: _C Pinkston_          _148934_
                                          MDOC #

Witness: _J Williams_              _Grey Coord_
                                          TITLE

_____ Form ARP-1 --- Offender's relief form

_____ Form ARP-2 --- 1st step response

_____ Form ARP-3 --- 2nd step response

_____ 5-Day extension

_____ Step 2 denial

___✓___ Rejected

_____ Letter #

_____ Other

1st page of this receipt is to be returned to the Administrative Remedy
Program Director to become part of inmate's ARP file

YELLOW COPY - INMATE

CODE: 799

ARP-1

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

### WCCF-20-*203*

First Step Respondent: N/A
Location: **Wilkinson County Correctional Facility**

Offenders' Name and No.: **Chaz Pinkston #148934**
Unit: **Wilkinson County Correctional Facility**

Date of incident:    **On going**         OT #68

---

☐ **ACCEPTED:** This request comes to you from the Legal Claims Adjudicator. See the attached request from the offender. **Please return your response to this office within 30 days of this date.**

☒ **REJECTED:** Your request has been rejected for the following reason(s):

☐ Relief is beyond the power of the Mississippi Department of Corrections to grant

☐ The complaint concerns an action not yet taken or a decision which has not yet been made

☐ There has been a time lapse of more the fifteen (15) days between the **RVR(s)** and the initial request:

    Incident happened on     received in this office on

☐ There has been a time lapse of more the fifteen (30) days between the event and the initial request:

    Incident happened on     received in this office on

☐ The Mississippi Department of Corrections does not handle Parole Board matters

☒ **Other:**    **Beyond the power of the ARP department to grant/does not handle personnel issues**

_R. Pennington /C.C._                          _3/3/20_
Director of Administrative Remedy Program                    Date

INMATE RECEIPT

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

ARP # ___WCCF___ - ___20___ - ___204___

Date: ___10.05.20___

Received By: ___C. Pinkston___  ___143934___
                                    MDOC #

Witness: ___J. Williams___  ___Grievance Coord___
                                    TITLE

_____ Form ARP-1 --- Offender's relief form

_____ Form ARP-2 --- 1st step response

_____ Form ARP-3 --- 2nd step response

_____ 5-Day extension

_____ Step 2 denial

___✓___ Rejected

_____ Letter #

_____ Other

1st page of this receipt is to be returned to the Administrative Remedy Program Director to become part of inmate's ARP file

YELLOW COPY - INMATE

CODE: 699

ARP-1

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

### WCCF-20- 204

First Step Respondent: N/A
Location: Wilkinson County Correctional Facility

Offenders' Name and No.: Chaz Pinkston #148934
Unit: Wilkinson County Correctional Facility

Date of incident: 1/29/2020          OT #69

☐ **ACCEPTED:** This request comes to you from the Legal Claims Adjudicator. See the attached request from the offender. **Please return your response to this office within 30 days of this date.**

☒ **REJECTED:** Your request has been rejected for the following reason(s):

☐ Relief is beyond the power of the Mississippi Department of Corrections to grant

☐ The complaint concerns an action not yet taken or a decision which has not yet been made

☐ There has been a time lapse of more the fifteen (15) days between the **RVR(s)** and the initial request:

Incident happened on ___ received in this office on ___

☐ There has been a time lapse of more the fifteen (30) days between the event and the initial request:

Incident happened on ___ received in this office on ___

☐ The Mississippi Department of Corrections does not handle Parole Board matters

☒ Other: **Beyond the power of the ARP to grant**

R. Pennington /C.C.
_____
Director of Administrative Remedy Program

3/3/20
_____
Date

INMATE RECEIPT

## MISSISSIPPI DEPARTMENT OF CORRECTIONS

### Administrative Remedy Program

ARP # _WCCF_-___20___-___230___

Date: ___03.10.20___

Received By: ___C.Pinkston___  ___243934___
                                  MDOC #

Witness:___Jo Williams___  ___Dney Case___
                                  TITLE

_____ Form ARP-1 --- Offender's relief form

_____ Form ARP-2 --- 1st step response

_____ Form ARP-3 --- 2nd step response

_____ 5-Day extension

_____ Step 2 denial

___✓___ Rejected

_____ Letter #

_____ Other

1st page of this receipt is to be returned to the Administrative Remedy
Program Director to become part of inmate's ARP file

YELLOW COPY - INMATE

CODE:    1400

ARP-1

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-20- 230

First Step Respondent:     **REJECTED**
Location:     **WCCF**

Offenders' Name and No:     CHAZ PINKSTON #148934
Unit:     **WCCF**

REJECTED

Date of incident:     **01/29/20**

OT-70

---

☐ **ACCEPTED:** This request comes to you from the Administrative Remedy Program Director. See the attached request from the offender. **Please return your response to this office within 30 days of this date.**

☒ **REJECTED:** Your request has been rejected for the following reason(s):

☐ Relief is beyond the power of the Mississippi Department of Corrections to grant.

☐ The complaint concerns an action not yet taken or a decision which has not yet been made.

☐ There has been a time lapse of more the fifteen (15) days between the **RVR** and the initial request:      Incident happened on _; received in this office on _.

☐ There has been a time lapse of more the thirty (30) days between the event and the initial request:      Incident happened on; received in this office on ….

☐ The Mississippi Department of Corrections does not handle Parole Board matters.

☒ Other:      REFUSED TO SIGN

_R. Pennington_                                    _3/9/20_
Director of Administrative Remedy Program                              Date

INMATE RECEIPT

# MISSISSIPPI DEPARTMENT OF CORRECTIONS

## Administrative Remedy Program

ARP # _WCCF_ - _20_ - _317_

Date: _04-09-2020_

Received By: _C. Pinkston_ / _148934_
MDOC #

Witness: _J. Williams_     _Unit Cnc_
TITLE

_____ Form ARP-1 --- Offender's relief form

_____ Form ARP-2 --- 1st step response

_____ Form ARP-3 --- 2nd step response

_____ 5-Day extension

_____ Step 2 denial

_____ Rejected

_____ Letter #

_____ Other

1st page of this receipt is to be returned to the Administrative Remedy
Program Director to become part of inmate's ARP file

YELLOW COPY - INMATE

CODE:    0699

ARP-1

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

### WCCF-20- *O/7*

First Step Respondent:    **REJECTED**
Location:    **WCCF**

REJECTED

Offenders' Name and No:    **CHAZ PINKSTON #148934**
Unit:    **WCCF**

Date of incident:                OT-71

---

☐ **ACCEPTED:** This request comes to you from the Administrative Remedy Program Director. See the attached request from the offender. **Please return your response to this office within 30 days of this date.**

☒ **REJECTED:** Your request has been rejected for the following reason(s):

☐ Relief is beyond the power of the Mississippi Department of Corrections to grant.

☐ The complaint concerns an action not yet taken or a decision which has not yet been made.

☐ There has been a time lapse of more the fifteen (15) days between the **RVR** and the initial request:    Incident happened on _; received in this office on _.

☐ There has been a time lapse of more the thirty (30) days between the event and the initial request:    Incident happened on; received in this office on ....

☐ The Mississippi Department of Corrections does not handle Parole Board matters.
☒ Other:
        **BEYOND THE POWER OF ARP TO GRANT**

_____                    _4/9/20_
Director of Administrative Remedy Program                    Date

R. Pennington

INMATE RECEIPT

## MISSISSIPPI DEPARTMENT OF CORRECTIONS

### Administrative Remedy Program

ARP # _IUCCF_ - _20_ - _359_

Date: _4.21.2020_

Received By: _C. Pinkston_ _148984_

MDOC #

Witness: _____

TITLE

_____ Form ARP-1 --- Offender's relief form

_____ Form ARP-2 --- 1st step response

_____ Form ARP-3 --- 2nd step response

_____ 5-Day extension

_____ Step 2 denial

___V___ Rejected

_____ Letter #

_____ Other

1st page of this receipt is to be returned to the Administrative Remedy
Program Director to become part of inmate's ARP file

YELLOW COPY - INMATE

CODE: 699

ARP-1

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

### WCCF-20-359

First Step Respondent: N/A
Location: **Wilkinson County Correctional Facility**

**REJECTED**

Offenders' Name and No.: **Chaz Pinkston #148934**
Unit: **Wilkinson County Correctional Facility**

Date of incident: **On going**                    OT #73

☐ **ACCEPTED:** This request comes to you from the Legal Claims Adjudicator. See the attached request from the offender. **Please return your response to this office within 30 days of this date.**

☒ **REJECTED:** Your request has been rejected for the following reason(s):

☐ Relief is beyond the power of the Mississippi Department of Corrections to grant

☐ The complaint concerns an action not yet taken or a decision which has not yet been made

☐ There has been a time lapse of more the fifteen (15) days between the **RVR(s)** and the initial request:

Incident happened on           received in this office on

☐ There has been a time lapse of more the fifteen (30) days between the event and the initial request:

Incident happened on           received in this office on

☐ The Mississippi Department of Corrections does not handle Parole Board matters

☒ Other: **Beyond the power of the ARP to grant**

R. Pennington

Director of Administrative Remedy Program                    4/17/20

                                                                    Date

INMATE RECEIPT

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
### Administrative Remedy Program

ARP # ___WCCF___ - ___20___ - ___360___

Date: ___4-21-2020___

Received By: ___C. Pinkston___     ___148934___
                                         MDOC #

Witness:___J. Williams___     _____
                                         TITLE

_____ Form ARP-1 --- Offender's relief form

_____ Form ARP-2 --- 1st step response

_____ Form ARP-3 --- 2nd step response

_____ 5-Day extension

_____ Step 2 denial

___✓___ Rejected

_____ Letter #

_____ Other

1st page of this receipt is to be returned to the Administrative Remedy Program Director to become part of inmate's ARP file

YELLOW COPY - INMATE

CODE: 799

ARP-1

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

### WCCF-20-360

First Step Respondent: **N/A**
Location: **Wilkinson County Correctional Facility**

**REJECTED**

Offenders' Name and No.: **Chaz Pinkston #148934**
Unit: **Wilkinson County Correctional Facility**

Date of incident: **On going**                    OT #72

---

☐ **ACCEPTED:** This request comes to you from the Legal Claims Adjudicator. See the attached request from the offender. **Please return your response to this office within 30 days of this date.**

☒ **REJECTED:** Your request has been rejected for the following reason(s):

  ☐ Relief is beyond the power of the Mississippi Department of Corrections to grant

  ☐ The complaint concerns an action not yet taken or a decision which has not yet been made

  ☐ There has been a time lapse of more the fifteen (15) days between the **RVR(s)** and the initial request:

     Incident happened on         received in this office on

  ☐ There has been a time lapse of more the fifteen (30) days between the event and the initial request:

     Incident happened on         received in this office on

  ☐ The Mississippi Department of Corrections does not handle Parole Board matters

  ☒ Other: **Beyond the power of the ARP to grant**

_R. Pennington_
Director of Administrative Remedy Program

_4/17/20_
Date

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s)    Chaz D. Pinkston, #148934
    Defendant(s)   Pelicia Hall, et al.  I had 36 defendant's in this suit

2.  Court *(if federal court, name the district; if state court, name the county and State)*
    Southern

3.  Docket or index number
    5:18-cv-00103-DCB-MTP

4.  Name of Judge assigned to your case
    Micheal T. Parker

5.  Approximate date of filing lawsuit
    October 1st, 2018

6.  Is the case still pending?

    ☑ Yes

    ☐ No

    If no, give the approximate date of disposition.

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    I won partial summary judgment against the bulk of the M.T.C. defendants.

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   Chaz Pinkston

Defendant(s)   Mississippi Department Of Corrections, et al.

2.   Court *(if federal court, name the district; if state court, name the county and State)*

Northern

3.   Docket or index number

4:17-cv-00089-DMB-DAS

4.   Name of Judge assigned to your case

David A. Sanders

5.   Approximate date of filing lawsuit

March 24th 2017

6.   Is the case still pending?

☑ Yes

☐ No

If no, give the approximate date of disposition

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

I won partial summary judgment. It is still pending.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    August 3rd, 2020

Signature of Plaintiff    _Chaz Pinkston_

Printed Name of Plaintiff    _Chaz Pinkston_

Prison Identification #    _148934_

Prison Address    _W.C.C.F., HTK H-pod Cell #108, 2999 U.S. HWY 61 North_

_Woodville_ _MS_ _39669_
City       State       Zip Code

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Address    _____

City       State       Zip Code

Telephone Number    _____

E-mail Address    _____

Chaz Pinkston #148934
W.C.C.F.
Unit: H-J-K H-pod Cell #108
P.O. Box 1889
2999 U.S. HWY 61 North
Woodville, MS 39669

 

Inmate Correspondence
From a Correctional Facility

LEGAL

LEGAL



RECEIVED
AUG 18 2020
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF MISS.

Clerk, U.S. District Court
Pro Se Law, Clerk
501 E. Court St, Suite 2.500
Jackson, MS 39201

