IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHAZ PINKSTON                                                                                PLAINTIFF

v.                                    CIVIL ACTION NO. 5:22-cv-15-KS-MTP

MICHELLE HIGGINBOTHAM and PENNY TERRELL            DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [11]. Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Motion [11] be granted and that this action be dismissed without prejudice.

## BACKGROUND

On August 13, 2020, Plaintiff, a post-conviction inmate proceeding *pro se* and *in forma pauperis*, filed his Complaint pursuant to 42 U.S.C. § 1983 in Civil Action No. 5:20-cv-167-KS-MTP. On March 11, 2022, the Court conducted an omnibus hearing, and on March 22, 2022, the Court severed Plaintiff's claims into five separate civil actions, including this action—Civil Action No. 5:22-cv-15-KS-MTP. *See* Omnibus Order [1]

In this action, Plaintiff alleges that after he complained to the warden at Wilkinson County Correctional Facility ("WCCF") about Defendant Michelle Higginbotham opening his legal mail and listening to his legal phone calls, Higginbotham issued him a wrongful rule violation report ("RVR") in retaliation. According to Plaintiff, he was not allowed to send letters to other inmates, but he sent a letter to his family so they could send it to a female inmate. Higginbotham issued Plaintiff an RVR for this, but Plaintiff asserts that he should not have received an RVR because he was not prohibited from sending any letters to his family. The

1

RVR allegedly resulted in Plaintiff losing two months of visitation, telephone, and commissary privileges.

Plaintiff also alleges that Defendant Penny Terrell issued him an RVR, falsely claiming that he threatened Terrell with physical harm. Allegedly, Terrell issued the RVR in retaliation for Plaintiff's prior grievances concerning Terrell's failures to perform her duties. The RVR resulted in Plaintiff losing six months of privileges.

On May 17, 2022, Defendants filed a Motion for Summary Judgment [11], arguing that Plaintiff failed to properly exhaust his available administrative remedies prior to filing this lawsuit. On September 29, 2022—after the Court granted Plaintiff multiple extensions of time to do so—Plaintiff filed his Responses [25] [26].

**STANDARD FOR SUMMARY JUDGMENT**

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

## ANALYSIS

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The United States Court of Appeals for the Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272. Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id*. at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Mississippi Code § 47-5-801 grants the Mississippi Department of Corrections ("MDOC") the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint relating to any aspect of his incarceration. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK[1] at Ch. VIII.

The ARP is a two-step process. An inmate is required to submit his initial grievance or request, in writing, through the Inmate Legal Assistance Program ("ILAP") within thirty days of an alleged incident. If, after screening, the grievance or request is accepted into the ARP, an official will issue a First Step Response. If the inmate is unsatisfied with the First Step Response, he may continue to the Second Step by using ARP form ARP-2. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK at Ch. VIII.

---

[1] *See* http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx. (Last visited November 1, 2022).

In support of their Motion for Summary Judgment [11], Defendants submitted an affidavit from Janice Williams, the ARP Coordinator at WCCF, stating as follows:

> Although Mr. Pinkston submitted numerous grievances between the time he arrived at WCCF on January 24, 2018, and the time he filed [this action] on August 13, 2020, none of them pertained to any claims against Michelle Higginbotham for opening his legal mail, listening to his phone calls, or issuing him false rule violation reports ("RVRs") or against Penny Terrell for issuing him false RVRs.

*See* [11-1] at 2.

In his Responses [25] [26], Plaintiff raises multiple arguments opposing summary judgment. Plaintiff argues that Defendant's Motion for Summary Judgment [11] is untimely because it was filed on July 17, 2022—two days after the July 15, 2022, motions deadline. Plaintiff is mistaken. Defendants filed their Motion [11] on May 17, 2022, nearly two months prior to the motions deadline. Thus, the Motion [11] is timely.

Despite Plaintiff's extensive use of the ARP at WCCF and other facilities, he attacks the notice he was provided concerning the ARP. Specifically, Plaintiff asserts that he was not provided the MDOC Handbook. But, even if that were true, MDOC Policy No. 20-08-01—which Plaintiff submitted to the Court and admits he received and relied upon—provided Plaintiff notice of the ARP and the requirements for proper exhaustion. *See* [11-2]; [25-4] at 14-21. "[C]ourts may *not* deem grievance procedures unavailable merely because an inmate was ignorant of them, so long as the inmate had a fair, reasonable opportunity to apprise himself of the procedures." *Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015). The record demonstrates that Plaintiff had such an opportunity and did in fact apprise himself of the ARP procedures.

Plaintiff also asserts that, contrary to Williams's testimony, he submitted grievances concerning the claims in this action. In an affidavit, Plaintiff states that he filed "well over 100

grievances and way over 80 letters through the ARP process while at WCCF with some of these directly pertaining to my claims against both of these Defendants Michelle Higginbotham and Penny Terrell."[2] *See* [25-1] at 2.  In support of this argument, Plaintiff submitted multiple MDOC "Grievance Details."  These grievance details are computer generated documents which contain certain, limited information concerning Plaintiff's grievances, such as the date of the grievance, the type of grievance, and the outcome.

The grievance details show that on September 16, 2019, Plaintiff submitted a grievance concerning "ABUSE/THREATS" and requesting that Higginbotham "be transferred outside 'soley' to driving the parameter vehicle(s)." *See* [25-4] at 8.  This grievance was rejected as "[b]eyond the power of the ARP department to grant." *Id*.  On February 3, 2020, Plaintiff submitted another grievance concerning "ABUSE/THREATS" and requesting that Higginbotham be fired.  This grievance was rejected as "beyond the power of the ARP to grant." *Id*. at 9.  Plaintiff also submitted grievances concerning "ABUSE/THREATS" on August 30, 2019, and December 11, 2019, requesting that Terrell (and others) be fired. *Id*. at 11-12.  These grievances were also rejected as beyond the power of the ARP to grant. *Id*.

These grievance details do not demonstrate that there is a genuine issue for trial concerning exhaustion.  They do not show whether Plaintiff's grievances concerned the claims at

---

[2] Plaintiff asserts that all of his grievances were not produced during discovery. The Court, however, specifically ordered Defendants to produce to Plaintiff "any grievances and responses, and correspondence to or from Plaintiff, regarding Plaintiff's claims." *See* [1] at 5. On April 22, 2022, Defendants filed a Notice [6] stating that they produced Plaintiff's administrative grievances and responses, and correspondence to and from Plaintiff, from the time he arrived at WCCF through the time his Complaint was filed.  Plaintiff has failed to demonstrate Defendants have withheld any of this information.  The Court also notes that MDOC Policy No. 20-08-01 directed Plaintiff to "make a copy of his letter of complaint and retain it for his own records," yet Plaintiff did not submit to the Court the grievances which allegedly concern the claims in this action.

issue in this action. According to the grievance details, all of the subject grievances concerned "ABUSE/THREATS," not RVRs and retaliation. Moreover, even if the Court were to assume these grievances concerned the claims in this action, Plaintiff has still failed to demonstrate that he has fully exhausted his administrative remedies.

An inmate may not simply initiate the grievance process, but must complete the process. *Wright*, 260 F.3d at 358. "[A] prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88. An inmate cannot satisfy the exhaustion requirement by filing an untimely or otherwise defective grievance or appeal. *Id*. at 83-84.

According to the grievance details, each grievance was rejected for requesting relief beyond the power of the ARP to grant. MDOC Policy No. 20-08-01 specifically states: "If a request is rejected, it must be for one of the following reasons, which will be noted on Form ARP-1: The relief is beyond the power of MDOC to grant . . . ." *See* [11-2] at 3; [25-4] at 16. After each grievance was rejected, Plaintiff had five days to appeal the rejection or submit a corrected grievance.

Plaintiff presents no credible evidence demonstrating that he appealed the rejection or submitted a corrected grievance, much less that he fully exhausted his administrative remedies by completing the two-step ARP process.[3] Instead, Plaintiff simply states: "I have fully exhausted all my available administrative remedies concerning all of my claims." *See* [25-2] at 2.

---

[3] The rejection of Plaintiff's grievance did not satisfy the exhaustion requirements. Where an inmate seeks relief which is unavailable through the ARP, "the PLRA nonetheless requires the inmate to exhaust 'available remedies, whatever they may be.'" *Lewis v. Doe, I*, 840 Fed. Appx. 784 (5th Cir. 2021) (quoting *Wright*, 260 F.3d at 358); *see also Woodford*, 548 U.S. at 85; *Booth v. Churner*, 532 U.S. 731, 734 (2001) (a prisoner must exhaust administrative remedies even where the relief sought cannot be granted by the administrative process).

However, Plaintiff's conclusory assertion of exhaustion is insufficient to overcome summary judgment. *See Huff v. Neal*, 555 Fed. Appx. 289 (5th Cir. 2014) (conclusory allegations of exhaustion, supported only by the plaintiff's conclusory affidavit, are insufficient to raise a genuine issue of material fact) (citing *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986)); *see also Antunez v. Mendez*, 2007 WL 9734691, at *8 (N.D. Tex. July 23, 2007) ("Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment.").

Finally, Plaintiff argues that summary judgment is improper because Defendants have not submitted affidavits denying his allegations that they violated his constitutional rights. The merits of Plaintiff's claims notwithstanding, pre-filing exhaustion is mandatory, and district courts "have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

Because the grievance process was available to Plaintiff and he failed to complete the process, his claims must be dismissed.

## RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that:

1. Defendants' Motion for Summary Judgment [11] be GRANTED;
2. Plaintiff's claims be DISMISSED without prejudice; and
3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 be entered.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing

party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 3rd day of November, 2022.

s/ Michael T. Parker  
United States Magistrate Judge